UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARDRA YOUNG,

       Plaintiff,

v.

ROSILYN JINDAL, *et al.*,

       Defendants.

_____/

Case No. 2:21-cv-12170
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

### ORDER GRANTING DEFENDANTS' MOTION TO STAY THE SCHEDULING ORDER (ECF No. 34), AND STAYING DISCOVERY AND OTHER DEADLINES WITH REGARD TO ALL DEFENDANTS EXCEPT ROSILYN JINDAL

Plaintiff Ardra Young is currently incarcerated at the Michigan Department of Corrections (MDOC) Gus Harrison Correctional Facility. *See* www.michigan.gov/corrections, "Offender Search" (last visited August 29, 2022). In September 2021, Plaintiff initiated the instant lawsuit, *in pro per*, against Rosilyn Jindal, asserting First and Eighth Amendment claims. (ECF No. 1.) Judge Drain referred the matter to me for all pretrial proceedings. (ECF No. 18.) As Defendant Jindal appeared by counsel (ECF Nos. 4 & 5), and filed as executed the

certificate of service for the summons and complaint (ECF No. 12), the Court entered an initial scheduling order on March 23, 2022 (ECF No. 19).[1]

Since then, Plaintiff has filed three discovery motions still pending before the Court (ECF Nos. 17, 21, & 27), an amended complaint on April 4, 2022, adding John and Jane Does to the lawsuit along with four named Defendants – Kimberly Korte, Michelle Gilbert, Andrea Bobon, and Cheryl Elliot (ECF No. 23) – and several motions related to that amended complaint (ECF Nos. 35, 40, 41, & 42). The four newly named Defendants have appeared by counsel (ECF No. 31) and on May 27, 2022, filed a motion to strike Plaintiff's amended complaint (ECF No. 33), which Plaintiff opposes (ECF Nos. 35 & 36), as well as the instant motion to stay the scheduling order (ECF No. 34).[2]

In their motion to stay the scheduling order, Defendants Korte, Gilbert, Bobon, and Elliot argue that pursuant to Fed. R. Civ. P. 16(b)(4), and 26(c) and (d), good cause exists to stay the scheduling order until their motion to strike Plaintiff's amended complaint (ECF No. 33) is resolved, as the "motion, if granted,

---

[1] The MDOC is listed on the docket as an objector in the case, and the Michigan Department of Technology Management and Budget is listed as an interested party.

[2] Those motions are still pending, and with the exception of the instant motion to stay the scheduling order (ECF No. 34), will be addressed and decided by the Court under separate cover.

would result in their dismissal." (ECF No. 34, PageID.276, 278-280.) "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)). "Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (citing *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). Unless it is shown that the plaintiff would suffer substantial prejudice from a stay of discovery, a trial court's decision to stay discovery will not be disturbed. *Cochran v. United Parcel Serv., Inc.*, 137 F. App'x 768, 772 (6th Cir. 2005).[3]

      On June 14, 2022, Plaintiff filed what he titled a partial concurrence in the motion to stay, stating, "To the extent that the MDOC Defendants seek to have the Scheduling Order in this case stayed due to their 'limited time to evaluate the claims against' them as alleged in his First Amended Verified Complaint, Defendants' Motion, ECF No. 34, PageID.280, plaintiff Ardra Young concurs with the motion." (ECF No. 37.) Upon review of the motion, and in light of Plaintiff's

---

[3] Earlier this year, Plaintiff himself moved for a stay, based on access limitations stemming from Covid-19, but subsequently withdrew his request. (ECF Nos. 13, 15.)

3

nebulous concurrence, the Court agrees that a stay of the scheduling order in this matter pending resolution of all motions related to Plaintiff's amended complaint is appropriate as to the Defendants added as a result of Plaintiff's filing of the amended complaint (ECF No. 23), but not as to Defendant Jindal.

Accordingly, Defendants' motion to stay the scheduling (ECF No. 34) is **GRANTED**. All discovery in this action with respect to the Defendants added as a result of Plaintiff's filing of the amended complaint shall be stayed pending the Court's resolution of the pending motions related to Plaintiff's amended complaint. A scheduling order will be entered for these Defendants, if necessary, after the Court's disposition of those motions.[4]

**IT IS SO ORDERED.**

Dated: August 30, 2022

                                            Anthony P. Patti
                                            UNITED STATES MAGISTRATE JUDGE

---

[4] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).