UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARDRA YOUNG, #260575,

        Plaintiff,

v.

        Case No.: 21-12170
        Hon. Gershwin A. Drain

ROSILYN JINDAL, *et al.*,

        Defendants.
_____/

## AMENDED ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#81], OVERRULING PLAINTIFF'S OBJECTIONS [#96] AND GRANTING DEFENDANTS KORTE'S AND GILBERT'S MOTION TO DISMISS [#66]

### I.  INTRODUCTION

On August 21, 2023, Magistrate Judge Anthony P. Patti issued a Report and Recommendation on Defendant Kimberly Korte's and Michelle Gilbert's Motion to Dismiss. Plaintiff requested additional time within which to file his objections to the Magistrate Judge's Report and Recommendation, which recommended that Defendants' Motion to Dismiss be granted. However, the Court did not receive Plaintiff's objections by the extended deadline of September 28, 2023. Thereafter, Plaintiff contacted the Court to advise that he had in fact timely filed his objections

on September 11, 2023. The Court therefore required Plaintiff to resubmit his objections and he filed his objections on October 12, 2023. Upon review of the Plaintiff's October 12, 2023 Objections and the Defendants' Response, filed on October 24, 2023, as well as the relevant authority, the Court again concludes that the Magistrate Judge reached the correct conclusion. Defendants Korte's and Gilbert's Motion to Dismiss will be granted.

## II.     ANALYSIS

### A.  Plaintiff's Allegations and Magistrate Judge Patti's Report and Recommendation

Plaintiff filed the instant 42 U.S.C. § 1983 action alleging that while housed at the Gus Harrison Correctional Facility (GHC), Defendants Michigan Department of Corrections employees violated his First and Eighth Amendment rights by depriving him of adequate medical care for his hearing condition. Plaintiff further alleges this inadequate medical care ultimately caused his condition to deteriorate and resulted in hearing loss.

In his August 21, 2023 Report and Recommendation, the Magistrate Judge concluded Plaintiff's Amended Complaint fails to allege any specific allegations that Korte, as the Health Unit Manager at GHC, or Gilbert, GHC's Nursing Supervisor, either encouraged the specific unconstitutional misconduct or in some other way directly participated in it. Rather, Plaintiff merely alleges that Korte and

Gilbert abandoned their affirmative duty to ensure the Health Care Clinic was fully operational with respect to providing medically necessary auxiliary aids to hard of hearing prisoners. Plaintiff's failure to set forth specific facts of Korte's and Gilbert's personal involvement in the alleged misconduct requires that his Eighth Amendment deliberate indifference claim be dismissed against them. *See Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016)("[A] supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another."). Finally, because Plaintiff fails to allege a viable Eighth Amendment claim against Defendants Korte and Gilbert, Magistrate Judge Patti recommended that the Court need not consider their alternative exhaustion argument.

### B.  Objection No. 1

Plaintiff first objects to the Magistrate Judge's conclusion that Plaintiff's Amended Complaint fails to allege that the Defendants participated in the alleged unconstitutional conduct. However, Plaintiff merely raises the same arguments made in response to the Defendants' original motion. "Objections to a Magistrate Judge's report and recommendation are not meant to simply rehash arguments set forth in the" response to the motion. *Prevost v. Saul*, No. 20-CV-11961, 2021 U.S. Dist. LEXIS 92194, at *4 (E.D. Mich. May 14, 2021). As such, objections that merely restate arguments previously raised and considered do not require the Court

3

to consider them. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Plaintiff's first objection is overruled.

### C. Objection No. 2

Next, Plaintiff objects to the Magistrate Judge's conclusion that he alleged a non-cognizable claim of supervisor liability. Here again, Plaintiff simply disagrees with the Magistrate Judge and rehashes his previous arguments. Plaintiff's second objection will also be denied. Objections cannot be generic and cannot merely disagree with the magistrate judge's conclusion. *See Spencer v. Bouchard*, 449 F.3d 721, 726 (6th Cir. 2006).

### D. Objection No. 3

Finally, Plaintiff's third objection is another rehashing of his previous arguments and merely raises his disagreements with the Magistrate Judge's conclusion that Plaintiff's claims against Korte and Gilbert rest on their supervisory positions. Plaintiff's difference of opinion does not establish how the report and recommendation's conclusions are clearly erroneous or contrary to law. *Id.* Plaintiff's third objection is likewise overruled.

### III. CONCLUSION

The Court ACCEPTS and ADOPTS Magistrate Judge Patti's August 21, 2023 Report and Recommendation [#81] as this Court's findings of fact and conclusions

4

of law. Plaintiff's Objections [#96] are OVERRULED. Defendants Korte's and Gilbert's Motion to Dismiss [#66] is GRANTED.

SO ORDERED.

Dated: November 27, 2023              /s/Gershwin A. Drain
                                      GERSHWIN A. DRAIN
                                      United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Ardra Young, #260575, Richard Handlon Correctional Facility, 1728 Bluewater Highway, Ionia, MI 48846 on
November 27, 2023, by electronic and/or ordinary mail.
<u>/s/ Teresa McGovern</u>
Case Manager