UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARDRA YOUNG,

        Plaintiff,

v.

        Case No.: 21-12170
        Honorable Gershwin A. Drain

ROSILYN JINDAL, *et al.*,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION [#94, #110]

### I.    INTRODUCTION

On September 29, 2023, this Court entered an Order Accepting and Adopting Magistrate Judge Anthony P. Patti's August 21, 2023 Report and Recommendation recommending that Defendants Kimberly Korte's and Michele Gilbert's Motion to Dismiss be granted and Granting Korte's and Gilbert's Motion to Dismiss. On November 27, 2023, this Court entered an Amended Order Accepting and Adopting Magistrate Judge Patti's August 21, 2023 Report and Recommendation and Granting Korte's and Gilbert's Motion to Dismiss in order to address Plaintiff's Objections.

Now before the Court is the Plaintiff's Motions for Reconsideration, filed on October 12, 2023 and December 26, 2023. ECF Nos. 94, 110. For the following reasons, the Court denies Plaintiff's Motions for Reconsideration.

## II. LAW & ANALYSIS

Rule 59(e) permits district courts to alter, amend, or vacate a prior judgment. *See* Fed. R. Civ. P. 59(e); *Huff v. Metropo. Life Insur. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). The purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings[.]" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)). It permits district courts to amend judgments where there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court. *Huff*, 675 F.2d at 122.

### A. October 12, 2023 Rule 59(e) Motion

In his initial Rule 59(e) motion, Plaintiff complains that the Court erroneously concluded in its September 29, 2023 Opinion and Order Adopting the Magistrate Judge's Report and Recommendation that Plaintiff had not filed any objections to the Report and Recommendation. After Plaintiff contacted the Court

to explain that he had in fact sent his objections through the mail, the Court entered an Order permitting Plaintiff to resubmit his Objections to the Report and Recommendation because the Court had not received his objections in the mail. Plaintiff resubmitted his objections and they were filed with the Court on October 12, 2023. On November 27, 2023, the Court entered an Amended Opinion and Order Adopting and Accepting the Report and Recommendation after reviewing and overruling Plaintiff's resubmitted objections. Plaintiff's complaints have already been remedied by this Court; therefore, Rule 59(e) relief is not warranted.

    **B.   December 26, 2023 Rule 59(e) Motion**

In his second motion for reconsideration, Plaintiff argues Defendants Korte and Gilbert should not have been dismissed from this action because they "delayed and interrupted his course of medical treatment when they abandoned their affirmative duties to provide him with batteries for his hearing aid devices." ECF No. 110, PageID.1218. It is well settled in this Circuit that "a mere failure to act" does not state a valid § 1983 claim. *Miller v. Gettel*, No. 22-1034, 2023 WL 2945340, at *8-9 (quoting *Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016)). There must be allegations that "the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Id*.

Contrary to Plaintiff's repeated claims, an "abdication of supervisory responsibilities is [not] enough to establish liability for a subordinate's unconstitutional acts." *Id*. Plaintiff's allegations do not explain how either Korte or Gilbert were fully aware of his condition or personally involved in the decision to deny him batteries for his hearing aids. To succeed on a claim against these defendants, Plaintiff must show their personal involvement in the acts that constitute the alleged constitutional violation. *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998).

Plaintiff's motion for reconsideration is another rehashing of arguments he has previously presented and that have been rejected by this Court. He provides no basis for Rule 59(e) relief.

### III. CONCLUSION

Accordingly, Plaintiff's Motions for Reconsideration [#94, #110] are DENIED.

SO ORDERED.

Dated: February 6, 2024
/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 6, 2024, by electronic and/or ordinary mail.
/s/ Lisa Bartlett
Case Manager