UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARDRA YOUNG,

        Plaintiff,

v.

ROSILYN JINDAL, *et al.*,

        Defendants.

_____/

Case No. 2:21-cv-12170
District Judge Gershwin Drain
Magistrate Judge Anthony P. Patti

**ORDER GRANTING IN PART AND DENYING PLAINTIFF'S MOTION TO PROVIDE PROPER ANSWERS TO HIS RULE 36 REQUESTS (ECF No. 131)**

**A. Background**

Plaintiff Ardra Young is currently in the custody of the Michigan Department of Corrections (MDOC) at the Richard A. Handlon Correctional Facility (MTU). (ECF No. 56.) On March 18, 2022, Judge Gershwin Drain referred this case to me "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 18, PageID.92.) Before the Court is a motion to order Defendant to provide proper answer to Rule 36 requests, filed by Plaintiff on January 28, 2024. (ECF No. 131.)

## B. Requests at Issue

In Plaintiff's motion, he challenges two of Defendant Bobo's answers to Plaintiff's requests to admit. The requests and responses at issue are as follows:

> d. ADMIT THAT a prisoner may send certified mail to any staff member at the facility in which he is housed using a regular disbursement form without a court order where the staff member is not a party to any lawsuit filed by the prisoner;
>
> OBJECTION: Defendant objects to this request as argumentative, as it requires Defendant to accept Plaintiff's recitation of incorrect facts in order to answer. Furthermore, this request cannot be answered with a simple admit or deny response as written.
>
> RESPONSE: To the degree a response is deemed required, denied.
>
> ****
>
> e. ADMIT THAT when you refused to process the certified mail at issue in the above-captioned cause, you did not ascertain whether the warden was a party to any lawsuit filed by Plaintiff.
>
> OBJECTION: Defendant objects to this request as being argumentative in that, it requires Defendant to adopt Plaintiff's recitation of facts to respond and is also vague. It makes too many assumptions and cannot otherwise be answered with a simple admit or deny response.
>
> RESPONSE: To the degree a response is deemed required, denied.

(ECF No. 130, PageID.1496-97.)

### C. Applicable Law

Under Rule 36(a)(1) of the Federal Rules of Civil Procedure, a party may request the admission of the truth of any matters relating to "'facts, the application of law to fact, or opinions about either[,]'" as well as the genuineness of any described documents. *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) (quoting Fed. R. Civ. P. 36(a)(1)(A)). On the other hand, "'Such requests should not be confused with pure requests for opinions of law, which are not contemplated by the rule. Nor are requests seeking legal conclusions appropriate when proceeding under Rule 36.'" *Id*. (quoting 7 *Moore's Federal Practice* § 36.10[8] at 36–26 (3d ed.2008)). Rule 36 "is essentially intended to facilitate proof at trials by obviating the need to adduce testimony or documents as to matters that are really not in controversy." *Id*. Importantly, "[r]equests for admissions are not a general discovery device." *Misco v. U.S. Steel Corp.*, 784 F2d. 198, 205 (6th Cir. 1986) (citing 8 C. Wright & A. Miller, Federal Practice and Procedure § 2253, at 706 & n. 23 (1970)). *See also O'Neill v. Medad*, 166 F.R.D. 19, 21 (E.D. Mich. 1996) (requests for admissions are "not a discovery device at all"), *Workman v. Chinchinian*, 807 F. Supp. 634, 648 (E.D. Wash. 1992) (requests to admit should not be used as a discovery tool, but only to eliminate issues at trial). A matter is deemed admitted unless, within 30 days after being served, the requested party serves "a written answer or objection addressed to the matter."

Fed. R. Civ. P. 36(a)(3). The response must specifically deny the matter or set forth in detail why the answering party cannot truthfully admit or deny it. If a party objects, it must state the grounds for the objection. A party must not object solely on the ground that the request presents a genuine issue for trial. Fed. R. Civ. P. 36(a)(4)(5). According to Rule 36(a), if a party neither admits nor denies a request, the matter is deemed admitted.

### D. Rulings

As to the first request at issue, subpart "d," Defendant's objections are **OVERRULED**. Contrary to Defendant's stated position, the request is not argumentative, does not require Defendant to accept an incorrect recitation of facts (which Defendant could simply reject as untrue anyhow) and can be answered with a simple admission or denial. In fact, had Plaintiff put fewer facts into this request, Defendant would likely have complained that the request lacked foundation or was impossible to answer for lack of context. Defendant had three mutually exclusive choices under Fed. R. Civ. P. 36(a)(4) and yet chose to *both* deny the entire request *and* claim that it could not answer. The Court finds that it can answer and, as Defendant invites, a "response is deemed required." (ECF No. 133, PageID.1576.) Accordingly, on or before **May 12, 2025**, Defendant must serve a new answer that either admits or denies the request, without couching it in qualifying language as it did originally.

As to the second request at issue, subpart "e," Defendant's objections are **SUSTAINED**. Here the request is indeed argumentative and is prefaced on an assumption of underlying facts and, moreover, is compound, essentially asking two requests in one. In any case, Defendant denied the request after explaining why it could not be admitted, an explanation with which the Court agrees. Because of the shortcomings just explained, the Court finds that Defendant could not have simply specified a particular part as admitted and qualified another part as denied or unanswerable, as is also permitted by the Rule. Defendant need not file a new answer to the request in this subpart.

**IT IS SO ORDERED.**[1]

Dated: April 28, 2025

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).