UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARDRA YOUNG,

        Plaintiff,

                                Case No. 21-cv-12170
                                HON. GERSHWIN A. DRAIN

vs.

ROSILYN JINDAL, *et al.*,

        Defendants.

_____/

## ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#144], OVERRULING PLAINTIFF'S OBJECTIONS [#148], DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS [#119], ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#146], OVERRULING PLAINTIFF'S OBJECTIONS [#147], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#117] AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [#132]

## I.   INTRODUCTION

On July 21, 2025, Magistrate Judge Anthony P. Patti issued a Report and Recommendation on Plaintiff's Motion for Judgment on the Pleadings, recommending that the Court deny Plaintiff's Motion for Judgment on the Pleadings. *See* ECF No. 144. Plaintiff filed objections to the Report and Recommendation on August 12, 2025, and Defendant Rosilyn Jindal filed a

Response to Plaintiff's objections on August 27, 2025. Plaintiff filed a Reply on September 9, 2025.

Also, before the Court is Magistrate Judge Anthony P. Patti's July 23, 2025 Report and Recommendation. Plaintiff filed objections to Magistrate Judge Patti's Report and Recommendation on August 12, 2025, and Defendants Andrea Bobon and Cheryl Elliot filed a Response to Plaintiff's objections on August 20, 2025.

For the reasons discussed below, the Court will overrule Plaintiff's objections, accept and adopt Magistrate Judge Patti's Reports and Recommendations, deny Plaintiff's Motion for Judgment on the Pleadings, deny Plaintiff's Motion for Summary Judgment and grant Defendant's Bobon's and Elliott's Motion for Summary Judgment.

## II.   STANDARD OF REVIEW

Title 28 U.S.C. § 636 sets forth the standard of review used by the Court when examining a report and recommendation. The Court, "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court has the power to, "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## III.   ANALYSIS

### A.  Plaintiff's Motion for Judgment on the Pleadings

Plaintiff first objects arguing Magistrate Judge Patti erred when he concluded Plaintiff's Motion for Judgment on the Pleadings was time-barred. Plaintiff's objection will be overruled.  On September 3, 2024, Magistrate Judge Patti issued the last scheduling order in this matter.  *See* ECF No. 116.  In Magistrate Judge Patti's September 3, 2024 Order, he expressly held that "[a]t this stage, discovery has closed as to Defendant Jindal, and both Jindal and Plaintiff are time-barred from filing a dispositive motion, a fact which has been memorialized in several orders . . . ."  *Id*., PageID.1280.

The Eastern District of Michigan's local rules define dispositive motions to mean "a motion for judgment on the pleadings, for summary judgment, to certify or decertify a class, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, including such a motion directed to fewer than all claims, issues or parties."  E.D. Mich. L.R. 16.1(f); *see also* Black's Law Dictionary, 12th ed. 2024) (A dispositive motion is "[a] motion for a trial-court order to decide a claim or case in favor of the movant without further proceedings; specifically, a motion that, if granted, results in a judgment on the case as a whole, as with a motion for summary judgment or a motion to dismiss."). Plaintiff's Motion for Judgment on the Pleadings squarely falls within the

definition of "dispositive motion."   As such, Plaintiff's September 30, 2024

Motion for Judgment on the Pleadings is untimely.

Next, Plaintiff objects to Magistrate Judge Patti's conclusion that his motion

fails on the merits.  Plaintiff asserts that in order for Defendant Jindal to waive her

right to file an Answer to the Complaint, she needed to provide Plaintiff with

notice.  Plaintiff maintains Defendant Jindal's silence and lack of notice amounts

to forfeiture of her right to waive her Answer to the Complaint and Plaintiff is

entitled to judgment on the pleadings.  Contrary to Plaintiff's argument, Magistrate

Judge Patti correctly noted that the Prison Litigation Reform Act ("PLRA") creates

an exception to the general rule that a party must answer a Complaint or risk that

the allegations will be deemed admitted.  Specifically, the PLRA states in relevant

part that:

> Any defendant may waive the right to reply to any action brought by a
> prisoner confined in any jail, prison, or other correctional facility
> under section 1983 of this title or any other Federal law.
> Notwithstanding any other law or rule of procedure, such waiver shall
> not constitute an admission of the allegations contained in the
> complaint.

42 U.S.C. § 1997e(g)(1).  As such, Defendant Jindal was not required to file an

Answer or give notice that she would waive her right to file an Answer.  Plaintiff is

not entitled to judgment on the pleadings for Defendant Jindal's decision to waive

her right to submit a responsive pleading.

Accordingly, Plaintiff's objections are overruled and his Motion for Judgment on the Pleadings will be denied.

## B. Plaintiff's Motion for Summary Judgment and Defendants Bobon's and Elliott's Motion for Summary Judgment

Plaintiff raises four objections to Magistrate Judge Patti's July 23, 2025 Report and Recommendation recommending that the Court grant Defendants' Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment. Plaintiff's first objection asserts that Magistrate Judge Patti "failed to consider Plaintiff's supporting factual proofs." ECF No. 147, PageID.1693.

Plaintiff's objection misconstrues Magistrate Judge Patti's Report and Recommendation, wherein he stated that: "I report the below facts that Young asserts in his summary judgment motion without reference to his proofs because, except where otherwise stated, Defendants neither deny those facts nor contend that Young cannot introduce admissible evidence to prove them at trial." ECF No. 146, PageID.1681. Magistrate Judge Patti did not fail to consider Plaintiff's proofs, rather he merely did not cite to Plaintiff's proofs. There is no requirement that a magistrate judge explicitly state every exhibit considered in preparing his report and recommendation. Moreover, Plaintiff's proofs do not undermine Magistrate Judge Patti's conclusion that Plaintiff has failed to state viable claims under the First and Fourteenth Amendments.

For instance, Plaintiff relies on MDOC Policy Directive 04.06.156 to argue that Defendants had knowledge that mail addressed to Sabot Consulting was legal mail.  However, MDOC Policy Directive 04.06.156 relates to "Hard of Hearing or Deaf Prisoners," and according to Plaintiff this policy directive requires that deaf and hard of hearing prisoners be allowed unmonitored telephonic and written communications with the *McBride* settlement agreement monitor.  Nowhere in his proofs does it show that this policy directive identified Sabot Consulting as the settlement monitor.  As such, reliance on this policy directive does not support Plaintiff's contention that Defendants knew that Sabot Consulting mail was legal mail.  Plaintiff's first objection is overruled.

Next, Plaintiff objects to Magistrate Judge Patti's conclusion with respect to a First Amendment, access to courts claim.  Specifically, Magistrate Judge Patti concluded that Plaintiff was attempting to assert a First Amendment access to the courts claim based on Plaintiff's Motion for Summary Judgment.   However, in his objection, Plaintiff asserts that he has never brought a First Amendment access to courts claim.

To the contrary, in his Amended Complaint, Plaintiff pleaded that Defendants' treatment of his letter to Sabot Consulting "hindered his efforts to speedily present his formal complaint to the Settlement monitor and have his claims addressed." ECF No. 57, PageID.562. This allegation suggests that Plaintiff

was attempting to bring a First Amendment access to courts claim because he alleged that he was denied the ability to present his claim to the settlement monitor and his claim was lost.  The Court finds no error with respect to Magistrate Judge Patti's conclusion.  Plaintiff's second objection is overruled.

Plaintiff also objects to Magistrate Judge Patti's finding that he cannot establish a Fourteenth Amendment due process violation because Plaintiff has failed to show he has a protected property interest with respect to his outgoing legal mail.  Relying on *Spruette v. Walters*, 753 F.2d 498, 507 (6th Cir. 1985), Plaintiff argues that the Sixth Circuit has held that Michigan Administrative Code Rule 791.6603 creates a protected property interest in prisoners outgoing legal mail; however, this rule has subsequently been amended and the amended rule does not create a protected interest. *See Kalasho v. Kapture*, 868 F. Supp. 882, 889 (E.D. Mich. 1994).  In fact, subsequent decisions from the Supreme Court and the Sixth Circuit Court of Appeals suggest that the *Spruette* court's construction of Rule 791.6603 is no longer good law.  *Id.*  Plaintiff's third objection is overruled.

Lastly, Plaintiff maintains that Magistrate Judge Patti incorrectly concluded the Defendants are entitled to qualified immunity on Plaintiff's First Amendment claim.  Contrary to Plaintiff's objection, a review of MDOC Policy Directive 05.03.118 reveals that Plaintiff's letter to Sabot Consulting did not qualify as legal mail because Plaintiff did not address his letter to a specific attorney at Sabot

Consulting and Sabot Consulting is not a law firm or court. Because Plaintiff's letter did not clearly identify the addressee as a licensed attorney or law firm or court, Plaintiff's mail was properly rejected as non-legal mail under MDOC policy. *See* ECF No. 118, PageID.1341.

Moreover, MDOC policy directive 05.03.118 permits prisoners to send sealed mail to licensed attorneys, courts, and staff at the institution where the prisoner is housed without inspection by prison officials unless the prisoner requests that the letter be sent via certified mail.  In that instance, "the prisoner may be required to present the mail unsealed to staff to verify that it qualifies for expedited legal mail handling."  *Id*., PageID.1340.  As such, Plaintiff's request to send a sealed package via certified mail to the warden and Defendant Bobon's denial of this request did not violate MDOC policy or the Constitution.  Because Defendant Bobon could not inspect the package, she could not confirm that it qualified for expedited legal mail handling consistent with MDOC policy.

Finally, Defendant Bobon's one-time refusal to process Plaintiff's letters to the court and the Michigan Attorney General's office on November 29, 2021 does not rise to a constitutional violation. "'[I]solated instances of interference with prisoners' mail' do not rise to the level of a constitutional violation under the First Amendment."  *McDaniel v. Jackson*, No. 22-11092, 2024 U.S. Dist. LEXIS 55198,

at *8 (E.D. Mich. Mar. 27, 2024)(quoting *Johnson v. Wilkinson*, No. 98-3866, 2000 U.S. App. LEXIS 21036 (6th Cir. Aug. 11, 2000)).

Additionally, prison staff are not prohibited from opening and reading legal mail under all circumstances; however, they must satisfy a higher burden than for regular mail in doing so.  *See Sallier v. Brooks*, 343 F.3d 868, 873-74 (6th Cir. 2003).  Indeed, in certain circumstances the opening and perusal of a prisoner's outgoing legal mail when premised upon reasons of "security, order, and rehabilitation," do not necessarily violate the prisoner's First Amendment rights. *Durden v. Price*, No., 2022 U.S. Dist. LEXIS 237766, *9 (E.D. Mich. Dec. 19, 2022).  Here, Plaintiff does not allege that his outgoing mail was read outside of his presence or that Defendant Bobon refused to send his mail after inspection. Plaintiff cannot establish a First Amendment violation occurred.  Plaintiff's fourth objection is therefore overruled.

Based on the foregoing considerations, the Court finds that Magistrate Judge Patti reached the correct conclusion in determining that Defendants Bobon and Elliott are entitled to qualified immunity.  Because Plaintiff's proofs, taken in the light most favorable to the Plaintiff, do not demonstrate a constitutional violation occurred, Defendants are entitled to qualified immunity.

## IV. CONCLUSION

Accordingly, the Plaintiff's objections [#147, #148] are OVERRULED. The Court hereby ACCEPTS and ADOPTS Magistrate Judge Anthony P. Patti's July 21, 2025 Report and Recommendation [#144], ACCEPTS AND ADOPTS Magistrate Judge Anthony P. Patti's July 23, 2025 Report and Recommendation [#146], DENIES Plaintiff's Motion for Summary Judgment [#117], DENIES Plaintiff's Motion for Judgment on the Pleadings [#119], and GRANTS Defendants Bobon's and Elliott's Motion for Summary Judgment [#132]. Defendants Bobon and Elliott are dismissed with prejudice.

SO ORDERED.

Dated: September 26, 2025                    /s/Gershwin A. Drain
                                             GERSHWIN A. DRAIN
                                             United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Ardra Young, #260575, Richard A. Handlon Correctional Facility, 1728 Bluewater Highway, Ionia, MI 48846 on
September 26, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager